UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Modern Jug Face LLC | ) | |
| 18 4th Place, #2 | ) | |
| Brooklyn, NY  11231 | ) | Case No.: 2:13-cv-847 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| DOES 1 - 25 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its Complaint against Defendants, alleges:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.  This Court has jurisdiction under 17 U.S.C. § 101 *et seq.;* 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a).  Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, copied

and distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights.  Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## THE PEER-TO-PEER NETWORK ("P2P")

4. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

5. Upon information and belief, Defendant Does 1 - 25 copied and distributed Plaintiff's copyrighted work.  The work is a motion picture known as and entitled *"Jug Face,"* (the "Motion Picture").  The Defendants utilized a peer-to-peer ("P2P") network called a "BitTorrent protocol" or "torrent," which is different than the standard P2P protocol used for such networks as Kazaa and Limewire.  The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network.  The initial file-provider intentionally elects to share a file with a torrent network.  This initial file is called a seed.  Other users ("peers") connect to the network and connect to the seed file to download.  As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded.  However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from users who have already downloaded the file that together comprises the whole.  This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm."  The effect of this technology makes every downloader also an uploader of the illegally transferred file(s).  This means that every "node" or peer user who has a copy of the

infringing copyrighted material on a torrent network can also be a source of download, and thus distributor for that infringing file.

6.     This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users.  As more peers join the swarm, the likelihood of a successful download increases.  Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file can automatically be a source for the subsequent peer so long as that first seed peer's computer is online at the time the subsequent peer downloads a file.  Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from other potential infringers in numerous jurisdictions around the world, and each is also distributing infringing material.

## PARTIES

7.   Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

8.   Plaintiff, Modern Jug Face LLC (the "Plaintiff") is a developer, producer, and/or distributor of motion pictures and/or television shows.  Plaintiff brings this action to stop Defendants from copying and distributing to others unauthorized copies of the Plaintiff's copyrighted Motion Picture, "Jug Face."  Defendants' infringements allow them and others to unlawfully obtain and distribute for free unauthorized copyrighted works that the Plaintiff expends significant resources to create, acquire and/or distribute.  Each time a Defendant unlawfully distributes a free copy of the Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies that Motion Picture can then distribute

that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even a part of an unlawful copy of a Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

9. Plaintiff Modern Jug Face LLC is a limited liability company located at 18 4th Place, #2, Brooklyn, NY 11231. Plaintiff is engaged in the production, acquisition of, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution. Plaintiff is the assignee and owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the Internet by the Defendants. (See Exhibit A, Copyright Registration).

10. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and time in which the infringing activity of each Defendant was observed. The Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's Motion Picture is ongoing.

11. Each Defendant, is alleged to have committed violations of the same law (17 U.S.C. § 101 *et. Seq),* within the same series of transactions or occurrences (e.g. downloading and distribution of the same copyrighted Motion Picture owned by Plaintiff)

and by using the same means (BitTorrent network).  The infringed work was included in one file related to the torrent file; in other words, all of the infringements alleged in this lawsuit arise from the exact same unique copy of Plaintiff's movie as evidenced by the cryptographic hash value.  The Defendants are all part of the exact same "swarm." Defendants' acts occurred in the same series of transactions because each Defendant downloaded and/or distributed, or offered to distribute the Motion Picture to other infringers on the network, including the Doe Defendants and/or other network users, who in turn downloaded and/or distributed the Motion Picture.  Therefore, the Defendants each conspired with other infringers on the BitTorrent network to copy and/or distribute the Motion Picture, either in the same transaction or occurrence or a series of transactions or occurrences.  Because there is a single question of law related to each Defendant, and because Plaintiff asserts a right to relief with respect to or arising out of the same transaction or series of transactions of occurrences, Joinder is proper pursuant to Civil Rule 20(a)(2).

**COUNT I**

**(INFRINGEMENT OF COPYRIGHTS)**

12. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

13. The Plaintiff owns or has acquired the exclusive rights to the commercially released Motion Picture entitled "Jug Face" starring Sean Bridgers, Lauren Ashley Carter, Kaitlin Cullum, among others, that has significant value and has been acquired, produced and created at considerable expense.

5

14. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights in the Motion Picture infringed by Defendants (Exhibit A). The Motion Picture is the subject of a valid Certificate of Copyright Registration PAu 3-669-448 issued by the Register of Copyrights (Exhibit A).

15. The Motion Picture contains a copyright notice advising the viewer that the Motion Picture is protected by the copyright laws.

16. The Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to wrongfully misappropriate, reproduce and distribute to the public, including by making available for distribution to others, the Motion Picture. The Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and at the time at which the infringing activity of each Defendant was observed. In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.)*. On information and belief, each Defendant downloaded, copied and participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Motion Picture in digital form. The IP Addresses of each Doe Defendant along with the date of infringement and other relevant data with respect to each infringement is attached as Exhibit B hereto.

17. Specifically including, but without limitation, Defendants' unauthorized copying, distribution, and use of Plaintiff's protected work violates Plaintiff's exclusive rights, including but not limited to the following:

6

a) To reproduce the copyrighted work in copies (17 U.S.C.A. § 106(1));

b) To prepare derivative works based upon the copyrighted work (17 U.S.C.A. § 106(2)); and,

c) To distribute copies of the copyrighted work to the public (17 U.S.C.A. § 106(3)).

18. Unless restrained and enjoined, Defendants' above-described acts of copyright infringement will cause Plaintiff irreparable injury.

19. Defendants' actions and omissions as alleged in this Complaint were willful, intentional, wanton, and/or malicious and/or outrageous and were undertaken with disregard and indifference to the rights of the Plaintiff and with intent to injure Plaintiff.

20. Each of the Defendants' actions with respect to copyright infringement and other acts described herein were made with full knowledge of Plaintiff's ownership of the copyrights in the Motion Picture.

21. Defendants' acts of copyright infringement were willful and intentional.

22. By reason of the foregoing acts, Plaintiff is entitled to punitive damages from Defendants.

23. Defendants' willful acts of copyright infringement justify the award of the maximum measure of statutory damages against them, namely, of One Hundred and Fifty Thousand Dollars ($150,000) for each of the acts of infringement of Plaintiff's copyright, together with costs and attorneys' fees. Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result of Defendants' acts of infringement plus any profits of Defendants attributable to the infringements, together with costs and attorneys' fees.

24. By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is entitled to statutory damages from Defendants, pursuant to the Copyright Act of 1976, 17 USC §504, *et seq*., of $150,000 per infringement plus attorneys' fees and costs.

25. As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

26. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

## **DEMAND FOR JUDGMENT**

**WHEREFORE,** the Plaintiff prays for judgment against each Defendant as follows:

1. For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express

permission of the Plaintiff. Each Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff, including compensatory damages to Plaintiff in an amount to be determined at trial or hearing, calculated on all profits that Defendants secured through infringement of Plaintiff's copyrights, plus all losses of Plaintiff available under the Copyright Act, 17 USC §§ 101, et seq., or at Plaintiff's election, statutory damages in the amount of at least $150,000 per infringement, pursuant to 17 U.S.C. §§ 500, et seq;

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Leon D. Bass*
Leon D. Bass (0069901) (Trial Attorney)
 copyright92@taftlaw.com
David J. Butler (0068455)
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: 614-334-7192
Facsimile: 614-221-2007

*Attorneys for Plaintiff*

9